RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
5 / 8 / 15
YT

UNITED STATES DISTRICT COURT                           a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DONTRALE PHILLIPS                DOCKET NO. 15-CV-638; SEC. P

VERSUS                          JUDGE DRELL

WARDEN                          MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Petitioner Dontrale Demarko Phillips filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Phillips is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his armed robbery convictions and sentences imposed in the Ninth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Procedural History*

First, the facts of the case, as set forth by the Louisiana Third Circuit Court of Appeals, are as follows:

> "On July 18, 2012, Defendant, Dontrale Demarko Phillips, entered a Circle K convenience store located on Masonic Drive in Alexandria, Louisiana and committed an armed robbery. During the robbery, Defendant discharged a silver handgun into the ceiling of the store. Cherie Moose, Defendant's girlfriend at the time, drove Defendant to the store, waited while the robbery was committed, and then drove Defendant from the scene. Moose later positively identified Defendant as the perpetrator of the crime. A shell casing was found at the scene, which was later matched to a handgun later found in a duffel bag in Defendant's bedroom.

On July 22, 2012, Defendant committed an armed robbery of a Subway restaurant located on Masonic Drive in Alexandria, Louisiana. Moose again drove Defendant to and from the scene, and later identified him as the perpetrator of the crime.

On July 29, 2012, Defendant committed another armed robbery, this time of a Dollar General store located on MacArthur Drive in Alexandria, Louisiana. Moose again drove Defendant to and from the scene, and later identified him as the perpetrator of the crime.

Defendant was charged by bill of information filed on October 29, 2012, with three counts of armed robbery, violations of La.R.S. 14:64. On the same date, Defendant moved to represent himself and waived his right to trial by jury. Defendant refused to enter a plea on November 30, 2012; thus, the trial court entered a plea of not guilty on his behalf.

On its own motion, the trial court appointed a sanity commission to examine Defendant. On March 18, 2013, the trial court found Defendant was unable to comprehend the proceedings against him and to assist in his defense. Defendant was subsequently committed to the custody of the Eastern Louisiana Health System, Forensic Division. On June 10, 2013, the trial court found Defendant had the mental capacity to stand trial and to represent himself.

A bench trial commenced on December 10, 2103, with Defendant representing himself with the assistance of "hybrid counsel." Defendant was subsequently found guilty as charged. On December 17, 2013, Defendant was sentenced to serve thirty years at hard labor without benefit of probation, parole, or suspension of sentence on each count, to run consecutively. After he was sentenced, Defendant filed a pro se motion to appeal in open court, which was granted. A pro se supplemental motion for appeal was filed on December 30, 2013, and was subsequently granted.

A pro se motion to reconsider sentence was filed on January 9, 2014, and denied the same day. A second pro se motion to reconsider sentence was filed on January 21, 2014, and was denied the following day."

State v. Phillips, 2014 WL 4926152, (La.App. 3 Cir., 2014).

2

Petitioner appealed his conviction to the Third Circuit.  His appellate counsel raised one assignment of error – that the trial court erred in imposing sentences that are unconstitutionally excessive.  Petitioner also filed two pro se briefs raising the following assignments of error: 1) the trial court committed reversible error when it denied Petitioner's 6th and 14th amendment rights of the United States Constitution and Article 1, §13 of the Louisiana Constitution by failing to appoint counsel for Defendant at a critical stage in the proceedings and forcing Defendant to represent himself; 2) the trial court committed reversible error by admitting statements introduced in evidence against him at the preliminary examination where he was denied counsel at the trial through the oral testimony of the State's witnesses; and 3) the trial court erred in proceeding with the trial when no valid bill of information had been filed.  Id.

The appellate court found that the sentences were not constitutionally excessive and that Petitioner's first two pro se assignments of error lacked merit.  Id. It also found that, because Petitioner failed to point to any error in the bill of information, or show that the record did not contain a bill of information, Petitioner's final assignment of error had not been sufficiently briefed and could not be addressed.  Id.  Thus, the conviction and sentences were affirmed.  Petitioner sought further review in the Louisiana Supreme Court, and his application is still pending.

According to his petition, Phillips filed two state habeas corpus petitions on October 6, 2014, and December 12, 2014, which were dismissed.  He also filed a Motion to Correct Illegal Sentence in the Ninth Judicial District Court, which was denied as untimely on January 30, 2015.  He sought writs in the Third Circuit Court of Appeals on February 27, 2015, which is also still pending.

Petitioner previously filed a petition for writ of habeas corpus under §2254 in this Court prior to his conviction, claiming that he was wrongfully detained with regard to arrests on July 31, 2012, for four counts of contempt of court, failure to pay fines, city probation violations, simple assault, and three counts of armed robbery. His petition was dismissed for failure to exhaust.

In the instant 2254 petition, Phillips claims that he was denied counsel in the sanity proceeding in violation of the 6th Amendment and was denied the right to a fair trial.  He also claims that the trial court lacked jurisdiction because of a defective bill of information.  Petitioner claims that he was denied his right to direct review because the state did not prove harmless error.  Finally, he claims that his counsel was ineffective for failing to raise the above claims on direct review.

### *Law and Analysis*

"It is well settled that a habeas petition must be dismissed if any issue has not been exhausted in the state courts." Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990), cert. denied, 111 S.Ct.

2862 (1991).  To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts. <u>Wilder v. Cockrell</u>, 274 F.3d 255, 259 (5th Cir.2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988). "If the petitioner did not fairly present the substance of his claim[ ] to the state courts ..., the petition must be dismissed ... so that the state court may have a fair opportunity to determine" the claim. <u>Dispensa v. Lynaugh</u>, 847 F.2d 211, 217-18 (5th Cir. 1988).

Petitioner's direct appeal is still pending before the Louisiana Supreme Court.  Therefore, his conviction is not yet final and his state court remedies have not been exhausted.

**THEREFORE, IT IS RECOMMENDED** that this petition for *writ of habeas corpus* be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

## *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the**

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 7th day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE